IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHAD COLLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 3:14-1759 |
| vs. | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| | ) JURY DEMAND |
| | ) |
| COBRA POWER CORP., a Florida | ) |
| Corporation, and RANDY GARCIGA, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court upon Plaintiff's "Motion to Strike Attachment to Defendants' Answer to Complaint." Docket No. 17. Plaintiff has filed a supporting Memorandum of Law. Docket No. 18. Defendant has filed a Response in Opposition to the Motion. Docket No. 21.

This action involves a claim by Plaintiff that two Mercury 1075 SCI boat motors which Plaintiff purchased from Defendants did not perform properly. While Defendants deny that the motors did not perform appropriately, they have also raised the affirmative defense of accord and satisfaction. Docket No. 12, p. 12. In their Answer, Defendants state that Defendant Cobra Power offered to remedy Plaintiff's unfounded complaints and concerns for customer relations purposes and at no charge to Plaintiff, until March 1, 2013, when the parties reached a "settlement agreement."

Defendants explain that Plaintiff presented a settlement offer to them on February 27,

2013, and that the parties reached a negotiated settlement on March 1, 2013. Docket No. 12, p. 5-6. Defendants state that they have attached to their Answer "[t]rue and correct copies of the relevant e-mails evidencing this settlement . . ." *Id.*, p. 6.

In the instant Motion, Plaintiff seeks to strike the attached e-mails from Defendants' Answer. Plaintiff argues that these e-mails refer to settlement offers and negotiations, in direct violation of Fed. R. Evid. 408, which, Plaintiff contends, "provides that evidence of compromise offers and negotiations are not admissible." Docket No. 17, p. 1. Plaintiff, therefore, moves to strike the e-mails "as immaterial and potentially prejudice [*sic*] pursuant to Fed. R. Civ. P. 12(f)." *Id.*

Defendants agree that Rule 408 bars evidence of compromises and settlements made in negotiations when such is offered either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction. Defendants argue, however, that Rule 408 provides a specific exception for when the evidence is proffered for "another purpose." Defendants argue that the evidence in the case at bar is proffered for the purpose of supporting their affirmative defense of accord and satisfaction.

Motions to Strike are governed by Fed. R. Civ. P. 12(f), which states in relevant part:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).

Motions to Strike are applicable only to pleadings. *See Fox v. Michigan State Police Dept.*, 2006 U.S. App. LEXIS 5019 (6th Cir.) at **5-6; *Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (6th Cir. 1966). *See also Lombard v. MCI Telecommunications Corp.,* 13 F. Supp.

2d 621, 625 (N.D. Ohio 1998); *Hrubec v. National R.R. Passenger Corp.,* 829 F. Supp. 1502, 1506 (N.D. Ill. 1993). The e-mails that are attached to the Answer are part of the Answer. *Commercial Money Ctr., Inc., v. Illinois Union Ins. Co.,* 508 F.3d 327, 335 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings . . . ."); Fed. R. Civ. P. 10(c). Thus, the e-mails are subject to being stricken pursuant to Rule 12(f).

Rule 12(f), however, provides a limited list of the kinds of matters that a Court may strike from a pleading, *i.e.*, "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It does not appear to the Court that the e-mails at issue fall into any of these categories. The e-mails themselves are not redundant, impertinent, or scandalous. At this point in the proceedings, it cannot be said that the defense of accord and satisfaction is insufficient, or that the e-mails are immaterial in supporting that defense. Thus, the e-mails at issue are not subject to being stricken under the plain language of Rule 12(f).

Moreover, Defendants are correct that Rule 408 does not completely prohibit the admission of compromise offers and negotiations. Rule 408(b) states in relevant part:

> Exceptions. The court may admit this evidence [of compromise offers and negotiations] for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

As Defendants correctly argue:

> The first and most obvious category of cases involving "another purpose" is those in which one party to a settlement fails to abide by the terms of the settlement. In these cases, evidence related to the settlement agreement is not offered to prove liability; it is offered to prove the terms of the settlement agreement. Similarly, when a defendant alleges that a settlement bars the plaintiff's claims, evidence related to the settlement discussions is admissible

3

to show whether an accord and satisfaction occurred.

Docket No. 21, p. 4, *quoting* Gregory B. Collins and Andrew F. Halaby, *Of "Purposes not Prohibited": New Federal Rule of Evidence 408(B),* 40 Creighton L. Rev. 679, 686 (2007) (footnote citations omitted.)

A number of Courts agree with the foregoing propositions. *See, e.g., Westchester Specialty Ins. Services, Inc. v. U.S. Fire Ins. Co.*, 119 F.3d 1505, 1512 (11th Cir. 1997); ("Settlement agreements '[may not be] offered for the impermissible purpose of proving the invalidity of a claim or its amount, but [may be offered] for the permissible purpose of resolving a factual dispute about the meaning of the settlement agreements' terms."); *Basha v. Mitsubishi Motor Credit of America, Inc.*, 336 F.3d 451, 454 n.4 (5th Cir. 2003) (Plaintiff's attempt to invoke Rule 408 was "meritless because the letters were not used to establish liability, but, rather, to interpret the parties' settlement agreement"); *Coakley & Williams Constr. Co., Inc. v. Structural Concrete Equip., Inc.*, 973 F.2d 349, 353 (4th Cir. 1992) ("settlement offers are only inadmissible when offered to prove liability or damages . . . [and] the district court only considered the offer as evidence of the parties' intent. Therefore, even if the release and settlement agreement was ambiguous, extrinsic evidence of the parties intent resolves the ambiguity in favor of SEC's position that the release bars this action.")

Plaintiff relies upon *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979 (6th Cir. 2003) for the proposition that "Rule 408 of the Federal Rules of Evidence provides that 'evidence of conduct or statements made in compromise negotiations is . . . not admissible.'" The *Chiles* Court followed that statement, however, with the statement that "Rule 408 'does not require exclusion when the evidence is offered for another purpose . . . .'" *Id*. Plaintiff also cites *Chiles* for the proposition that a proposed rationale for the enactment of Rule

408 "was that statements made in furtherance of settlement are never *relevant*." Docket No. 18, p. 2, citing 332 F.3d at 983. After making the referenced statement, however, the *Chiles* Court referred to the advisory committee note to Rule 408. That note plainly recognizes that "the rule excludes only when the purpose is proving the validity or invalidity of the claim or its amount," and, thus, "an offer for another purpose is not within the rule."

Moreover, the *Chiles* Court stated, "The issue presented on appeal is whether statements in furtherance of settlement are privileged and protected from third-party discovery." 332 F.2d at 977. That issue is completely different than the issue presented in the case at bar.

For the foregoing reasons, the instant Motion (Docket No. 17) is DENIED.

IT IS SO ORDERED.

_E. Clifton Knowles_
E. Clifton Knowles
United States Magistrate Judge